# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **MARTHA ELLIS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SALT LAKE CITY CORPORATION, a political subdivision of the State of Utah; BRIAN DALE, an individual; KARL LIEB, an individual; and ROBERT McMICKEN, an individual,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:17-cv-00245-JNP-JCB**<br><br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Martha Ellis's ("Ms. Ellis") short form discovery motion to compel Defendants Salt Lake City Corporation ("SLCC"), Karl Lieb, Brian Dale, and Robert McMicken (collectively, "Defendants") to produce certain documents Defendants have withheld based on privilege.[2]

The court heard oral argument on the motion on September 15, 2022.[3] The parties' briefs focused on whether these materials should be protected by work-product and attorney-client privilege. However, during the hearing, the court sought argument from counsel on the issue of

---

[1] ECF No. 95.
[2] ECF No. 165.
[3] ECF No. 170.

whether the instant motion failed to comply with the meet-and-confer and timing requirements of local rule DUCivR 37-1, thus precluding the court from deciding the motion on the merits. At the conclusion of the hearing, the court took these issues under advisement. Based upon the analysis set forth below, Ms. Ellis did not promptly raise her objections to Defendant's discovery responses, and, in any event, her motion is untimely under DUCivR 37-1. Therefore, the court DENIES the motion with prejudice.

## BACKGROUND

On October 7, 2021, Defendants responded to Ms. Ellis's First Set of Discovery Document Requests with a privilege log containing 630 documents ("Privilege Log #1").[4] Defendants objected to the requests on the bases of work-product and attorney-client privilege. On February 24, 2022–140 days after receiving Privilege Log #1 and the eve of the close of fact discovery–Ms. Ellis emailed Defendants and stated that "[a]fter reviewing the privilege log [Defendants] provided, [she was] concerned that documents were improperly withheld."[5] Ms. Ellis requested that Defendants produce these documents or otherwise state the basis for why the documents were privileged by March 2, 2022.[6] Ms. Ellis attached a copy of Privilege Log #1 to the email with the 630 documents grouped into categories such as "Non-Attorney Not Privileged," "Pre-Litigation Not Privileged," and "Business Records Not Privileged."[7]

---

[4] ECF No. 165-1.
[5] ECF No. 167-1 at 1.
[6] *Id*.
[7] *Id*. at 2-60.

On May 12, 2022, the parties met via Zoom to attempt to resolve this dispute without court involvement. The parties were unable to agree on any specific resolution. This was the last time the parties met to discuss privilege issues concerning these documents.

Defendants then provided Ms. Ellis with an amended privilege log ("Privilege Log #2") on July 8, 2022, agreeing to produce certain documents.[8] On July 12, 2022, 63 of the 630 documents Ms. Ellis sought were produced, though some were entirely redacted.[9] Subsequently, Ms. Ellis sent Defendants an edited version of Privilege Log #2 that contained the following columns: SLCC Original Basis, Question from Plaintiff, SLCC Amended Basis, and Plaintiff Counter Argument. The Plaintiff Counter Argument column contained individual objections to Defendants' assertions of privilege, including, "How is this seeking legal advice? The attorney is only copied in the email?" and, "Tangible document? Prepared in anticipation of litigation?"[10]

On July 15, 2022, Defendants provided a second amended privilege log ("Privilege Log #3").[11] The parties did not meet and confer at any point regarding Privilege Log #3. Instead, Ms. Ellis filed the instant motion on September 2, 2022. That date was almost seven months after Ms. Ellis's written notification of concerns about Privilege Log #1 and more than 45 days after the Defendants provided Privilege Log #3.

---

[8] ECF No. 165-1 at 41-81.
[9] ECF No. 165-3
[10] ECF No. 165-1 at 94-103.
[11] ECF No. 167-2 at 1-39.

## **LEGAL STANDARDS**

Under DUCivR 37-1(a)(1), parties must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26-37 before seeking court assistance. "At a minimum, those efforts must include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure or request(s) at issue, the response(s), and specifying why those responses or objections are inadequate, and; (B) requesting to meet and confer, either in person or by telephone, and including suggested dates and times."[12]

"If the discovery disputes remain after reasonable efforts, and the parties need a court order to resolve the dispute, the parties (either individually or jointly) must file a Short Form Discovery Motion . . . ."[13] "The motion must . . . be filed no later than 45 days after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause."[14] "Failure to meet these deadlines may result in automatic denial of the motion."[15]

## **ANALYSIS**

Ms. Ellis's short form discovery motion does not comply with the requirements of DUCivR 37-1 for two reasons. First, Ms. Ellis's written communication to Defendants regarding the alleged inadequacy of Privilege Log #1 was not "prompt." Second, Ms. Ellis's short form

---

[12] DUCivR 37-1(a)(2)(A)-(B).
[13] DUCivR 37-1(b)(1).
[14] DUCivR 37-1(b)(2)(C).
[15] *Id.*

discovery motion was not filed within 45 days after "prompt" written communication to Defendants. Each issue is discussed in order below.

      First, Ms. Ellis's February 24, 2022 email raising concerns about Defendants' Privilege Log #1 was not "prompt" under DUCivR 37-1(a)(2). DUCivR 37-1 requires a party objecting to a discovery response to promptly provide written notice of that fact to the producing party so that the parties can meet and confer and, hopefully, work out their differences. Whether a response is "prompt" depends on the facts and circumstances of each case.[16] Although all of the possible factors of "prompt" are not possible to list, the court finds three factors important here: (1) whether Ms. Ellis's objections to Defendant's Privilege Log #1 were knowable at the time of production or were hidden; (2) the extent of the production compared to the objections raised; and (3) the pending deadlines in the scheduling order. First, Ms. Ellis waited 140 days after receiving Privilege Log #1 to raise the concern "that documents were improperly withheld."[17] If Privilege Log #1's disclosures were insufficient at that point, then Ms. Ellis's objections were immediately knowable. In other words, the objections that Ms. Ellis could have raised as to the alleged insufficiency of Privilege Log #1 were the same on day 1 as they were on day 140. Second, Privilege Log #1 was neither a voluminous nor complicated document in which her discovery objections would be hard to tease out. No, Ms. Ellis's objections to the privilege log

---

[16] *Fireman's Fund Indem. Co. v. Kennedy*, 97 F.2d 882, 885 (9th Cir. 1938) ("The policy required 'prompt' notice and as the word 'prompt' is a comparative term this requirement really means that notice must be given within a reasonable time in the particular circumstances."); *Vander Wal v. Sykes Enters., Inc.*, 377 F. Supp. 2d 738, 746 (D.N.D. 2005) (stating that "'prompt reemployment' . . . depends upon the facts and circumstances of each particular case"); *In re PRK Enters., Inc.*, 235 B.R. 597, 601 (Bankr. E.D. Tex. 1999) ("What constitutes a 'prompt' cure as required by § 365(b)(1)(A) depends upon the facts and circumstances of each case.").

[17] ECF No. 167-1.

were readily apparent. Finally, Ms. Ellis raised her basic objections to Privilege Log #1 the day before fact discovery was to end. Although this barely preceded the fact discovery cut off, it had the practical effect of extending fact discovery disputes, which have now been ongoing for over seven months. This is exactly the type of problem that DUCivR 37-1's "prompt" requirement sought to avoid. Therefore, Ms. Ellis's 140-day delay under these circumstances is not "prompt" under DUCivR 37-1, and, accordingly, her motion is not well taken.

Second, even if the court excused Ms. Ellis's failure to comply with the requirement of a "prompt written communication" under DUCivR 37-1(a)(2) by waiting 140 days to challenge Privilege Log #1, Ms. Ellis's short form discovery motion was still untimely filed, warranting automatic denial of the motion. DUCivR 37-1(b)(2)(C) states that the motion must be filed "*no later than 45 days* after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause."[18] There are two instances of communication between Ms. Ellis and Defendants after the February 24 email that might qualify as the final communication between the parties to resolve these issues. However, both occurred more than 45 days before Ms. Ellis filed the instant motion. And even if the court finds that the July 15, 2022 production of Privilege Log #3 was the date on which to base the 45-day period, her September 2, 2022 filing still misses the mark. Therefore, Ms. Ellis's short form motion is too late for the court to consider.[19]

---

[18] DUCivR 37-1(b)(2)(C) (emphasis added).

[19] At the September 15, 2022 hearing, Ms. Ellis directed the court to Fed. R. Civ. P. 26(e) to assert that the timing of this motion is permissible because "[a] party who has . . . responded to [a] . . . request for production . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is

## CONCLUSION AND ORDER

As demonstrated above, Ms. Ellis's motion is untimely under DUCivR 37-1, and the parties did not sufficiently meet and confer before involving the court in this dispute. Therefore, IT IS HEREBY ORDERED that Ms. Ellis's short form discovery motion to compel[20] is DENIED.

IT IS SO ORDERED.

DATED this 27th day of September 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Further, Ms. Ellis states that "(A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3)(A)-(B). However, the timing issue here is different than timing related to the duty to supplement. Fed. R. Civ. P. 26 does not eliminate the local rule requirements that state how soon discovery disputes must be raised. Moreover, under Ms. Ellis's argument, a party could extend discovery disputes nearly indefinitely by simply asserting that the objection raised fell under a "duty to supplement" instead of a contemporaneous discovery dispute. For discovery disputes, DUCivR 37-1 asks (1) whether Ms. Ellis promptly communicated with Defendants that she had an issue with what Defendants provided and (2) whether, after this communication failed, Ms. Ellis timely brought the issue to the court's attention. The answer to both questions is clearly "no."

[20] ECF No. 165.