IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MARTHA ELLIS**,<br><br>              Plaintiff,<br>v.<br><br>**SALT LAKE CITY CORPORATION**, a political subdivision of the State of Utah, **BRIAN DALE**, **KARL LIEB**, and **ROBERT McKICKEN**,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND DENYING PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS**<br><br>Case No. 2:17-CV-00245-JNP-JCB<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

Plaintiff Martha Ellis alleges that the Salt Lake City Corporation ("City"), Brian Dale, Karl Lieb, and Robert McKicken ("Defendants") discriminated and retaliated against her based on her sex and disability. ECF No. 54. On March 31, 2023, this court denied Defendants' motion for summary judgment except to grant them partial summary judgment as to Plaintiff's claim that the City did not hire her as Fire Chief in 2015 because of her gender. ECF No. 180. Defendants filed a timely interlocutory appeal of that order.[1] ECF No. 184. Plaintiff now moves the court to reconsider its summary judgment order to the extent that it granted Defendants partial summary judgment. ECF No. 182. Plaintiff also moves the court to certify Defendants' interlocutory appeal as frivolous. ECF No. 188. The court denies both motions.

### I. MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS PARTIAL SUMMARY JUDGMENT

---

[1] The Tenth Circuit Court of Appeals has stayed Defendants' interlocutory appeal pending this court's ruling on Plaintiff's motion to reconsider. *See* ECF Nos. 201-03. As a result, Defendants have not yet briefed their appeal. In determining whether to certify that appeal as frivolous, the court therefore relies on the representations in Defendants' opposition memorandum (ECF No. 196) regarding the issues to be raised on appeal.

**A. STANDARD OF REVIEW**

"A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). The court may thus grant such a motion upon "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

However, a motion to reconsider is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* The court may grant such a motion on facts or arguments that were available at the time of the prior order only in extraordinary circumstances. *Id.*

**B. THE COURT DENIES PLAINTIFF'S MOTION TO RECONSIDER ITS SUMMARY JUDGMENT ORDER BECAUSE HER ARGUMENTS WERE NOT PREVIOUSLY UNAVAILABLE**

Plaintiff moves the court to reconsider its summary judgment order granting Defendants partial summary judgment as to her claim that the City did not hire her as Fire Chief in 2015 because of her gender. ECF No. 182. A motion to reconsider is inappropriate "when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012. Yet that is precisely what Plaintiff's motion does. She makes no argument that there has been a change in the controlling law, a need to correct clear error, or other extraordinary circumstances. Without even stating the standard applicable to her motion, Plaintiff simply urges the court to reconsider its order because she believes that it was in error. *See* ECF No. 182, at 9.

The court granted Defendants partial summary judgment because Plaintiff failed to "supply

affirmative evidence that [she] was discriminated against, as the fourth prong of [her] prima facie discrimination case requires." ECF No. 182, at 5. The parties fully briefed and argued this issue at the summary judgment stage. *See* ECF Nos. 150, at 57-58; 159, at 68-69; and 175, at 74. The court's order addressed these arguments, concluding that Plaintiff provided sufficient evidence that she exhausted her administrative remedies but no evidence that her employer was "on specific notice that the plaintiff seeks employment or, where informal hiring procedures are used, that the plaintiff be in the group of people who might reasonably be interested in the particular job." ECF No. 180, at 37. Plaintiff's sole argument to that end—that there was no formal hiring process for the job—was insufficient to establish a prima facie case that her lack of promotion to Fire Chief was a discriminatory action. *Id.* at 38.

Now, Plaintiff's motion provides "five additional reasons why a jury could reasonably infer that gender discrimination or retaliation were substantial motivating factors for SLCC's failure to promote Ellis to Fire Chief in April 2015." ECF No. 182. But Plaintiff never raised these arguments before, and her "five additional reasons" do not rely on evidence that was previously unavailable. Her motion does not even claim as much. She supports her motion with a single affidavit that predates the court's summary judgment order by over seven years. ECF No. 182-1. Put simply, Plaintiff's motion asks this court to remedy her failure to make these arguments previously. The court declines Plaintiff's invitation to now consider arguments she should have raised in her opposition to Defendants' motion for summary judgment. The court thus finds no reason to reconsider its summary judgment order and consequently denies Plaintiff's motion.

## II. MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS

### A. STANDARD OF REVIEW

The collateral order doctrine permits interlocutory appeals of some summary judgment

orders. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Surat v. Klamser*, 52 F.4th 1261, 1269 (10th Cir. 2022). To avoid abuse of this opportunity to divest the district court of jurisdiction and delay trial, a district court may certify an interlocutory appeal as frivolous and retain jurisdiction in limited circumstances. *Medina v. Cram*, 252 F.3d 1124, 1130 (10th Cir. 2001). Specifically, the court may certify an appeal as frivolous if the court of appeals would lack jurisdiction to hear the appeal, such as when an appeal raises purely factual issues like "which facts a party may, or may not, be able to prove at trial." *Id.* (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). By contrast, abstract issues of law related to a claim of qualified immunity are proper subjects for interlocutory appeal. These may include whether the facts a district judge ruled a reasonable jury could find would amount to a legal violation and whether the allegedly violated law was clearly established. *Surat*, 52 F.4th at 1269 (citing *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1162 (10th Cir. 2021)). The court of appeals may also review limited factual issues on interlocutory appeal, including an appellant's claim that "the 'version of events' the district court holds a reasonable jury could credit 'is blatantly contradicted by the record[.]'" *Id.* at 1269 n.3 (citing *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010)).

Three other considerations weigh on the court's use of discretion in deciding Plaintiff's motion to certify Defendants' appeal as frivolous. First, unless circumstances demand it, "a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Certifying Defendants' appeal as frivolous would lead the court to retain jurisdiction over this matter while the Tenth Circuit decides the appeal. Second, the court notes that some district courts decline to use their discretion to certify an interlocutory appeal on qualified immunity as frivolous because it is a "difficult issue" on which

4

"lower courts are routinely reversed[,]" and the arguments in favor of certifying an appeal are less strong in this context as a result. *See, e.g., Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 U.S. Dist. LEXIS 159630, at *1 (D. Colo. Nov. 13, 2014). Third, the court recognizes that Defendants are entitled to appeal the denial of qualified immunity as of right given the consequences of suits against public officials and the defense's unique effect as an immunity from suit entirely. *See generally Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985). These factors weigh against certifying Defendants' appeal as frivolous in this case.

### B. THE COURT DENIES PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS BECAUSE THE APPEAL FALLS WITHIN THE COLLATERAL ORDER DOCTRINE

In its summary judgment order, the court decided that "a reasonable jury could find that members of the SLCFD subjected Ellis to a hostile work environment" and that the "Tenth Circuit has clearly stated that the creation of a hostile work environment is unconstitutional." ECF No. 180, at 55. The court wrote that Defendants' qualified immunity defense "turns upon which version of facts one accepts" because the unconstitutionality of Defendants' alleged conduct was beyond debate. *Id.* at 55-56. Plaintiff argues the court thereby reserved the qualified immunity issue for the jury's exclusive consideration, and that any appeal related to that issue consequently must be frivolous. ECF No. 188, at 4-7. Defendants, on the other hand, insist their appeal does not "seek to challenge the sufficiency of evidence" at all, but instead fits within the scope of a proper appeal defined by the collateral order doctrine. ECF No. 196, at 5. The court identifies three arguments the parties raise regarding the frivolity of Defendants' appeal: (i) whether Defendants' appeal of legal issues is frivolous; (ii) whether Defendants' appeal of a factual issue is frivolous; and (iii) whether Defendants' chance of success on appeal should affect the court's decision on Plaintiff's motion.

5

### *i. Legal Issues Appealed*

On appeal of this court's summary judgment order, Defendants plan to contest several of this court's legal conclusions. First, Defendants appeal whether the facts that the court decided a reasonable jury could find suffice to show each individual defendant violated the equal protection clause or failed to demonstrate that the second prong of the qualified immunity analysis was met with regard to Plaintiff's hostile work environment claim. These are appealable legal issues because they do not contest which facts the parties might be able to prove at trial, but whether the facts this court ruled a reasonable jury could find would amount to a violation of a clearly established law. *See Surat*, 52 F.4th at 909. Defendants' appeal also seeks review of whether "the general proposition that sexual harassment is unlawful is insufficient as a matter of law to overcome qualified immunity because it merely begs the question of what conduct constitutes sexual harassment." *Id.* at 4-5. This argument is similarly a challenge to the legal decisions in the court's summary judgment order and is therefore properly raised on interlocutory appeal. *See Medina*, 252 F.3d at 1130. The court finds no reason to certify Defendants' appeal of these issues as frivolous.

### *ii. Factual Issue Appealed*

On appeal, Defendants also raise the factual issue of whether the court's decision that a jury could reasonably find certain facts is "blatantly contradicted by the record[.]" This is among the only factual issues Defendants could properly raise on interlocutory appeal of the court's order. *See Lewis*, 604 F.3d at 1225. Given the limited scope of the Defendants' statement of the factual issue they will raise on appeal, the court finds no reason to certify this portion of Defendants' appeal as frivolous, either.

### *iii. Likelihood of Success on Appeal*

Plaintiff's last argument in favor of certification is that Defendants' appeal is unlikely to succeed. ECF No. 188, at 7-9. Consistent with its summary judgment order, this court is inclined to agree. But that is not the issue before the court. Defendants' appeal hardly "lacks any arguable basis either in law or fact[,]" and the court finds the issues appealed are within the collateral order doctrine's proper scope. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court therefore declines to certify Defendants' appeal as frivolous or to retain jurisdiction over this matter while that appeal is decided.

**ORDER**

Consistent with this Memorandum Decision and Order, Plaintiff's Motion to Reconsider is **DENIED** and Plaintiff's Motion to Certify Defendants' Interlocutory Appeal as Frivolous is also **DENIED**.

Signed December 5, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge